IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION



CLINT MUECK,                          §
                                      §
            Plaintiff,                §
                                      §
v.                                    §      Civil Action No. 20-801
                                      §
LAGRANGE ACQUISITIONS, L.P.,          §
                                      §
            Defendant.                §
                                      §

---

## PLAINTIFF CLINT MUECK'S ORIGINAL COMPLAINT AND JURY DEMAND

---

Plaintiff Client Mueck was employed by Defendant LaGrange Acquisitions, L.P. This is an action for disability discrimination under the Americans with Disabilities Act (ADA) as amended by the ADA Amendments Act (ADAAA), and their state-law analog, the Texas Commission on Human Rights Act (TCHRA)..

### Parties

1.      Plaintiff Clint Mueck is an individual residing at 104 South Irvin St., Falls City, Texas 78113. He may be served with papers in this case through the undersigned counsel.

2.      Defendant LaGrange Acquisitions, L.P. is a limited partnership organized under the laws of the State of Texas. It maintains its principal place of business at 8111 Westchester Drive, Suite 600, Dallas, Texas 75225. It may be served with process through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, at 211 East 7th Street, Suite 620, Austin, Texas 78701.

1

**Jurisdiction and Venue**

3.      The Court possessed subject matter jurisdiction over this case because Plaintiff's claims are brought under a federal statute, the Americans with Disabilities Act and the ADA Amendments Act.  The Court possesses supplemental jurisdiction over Plaintiff's state-law claim pursuant to 28 U.S.C. Section 1367.  The Court possesses personal jurisdiction over Defendant because Defendant constantly conducts business in Texas and maintains offices in Texas.  Venue is proper in the Western District of Texas because all of the events giving rise to Plaintiff's claims occurred within the geographic confines of the San Antonio Division.

**Factual Background**

4.      Plaintiff commenced work for LaGrange Acquisitions, L.P., an Energy Transfer company, on or about April 16, 2015.  He was initially hired as a B-level plant operator at Defendant's plant in Karnes City, Texas, but he advanced to be an A-level plant operator.  He worked a 7 days on, 7 days off schedule.

5.      Plaintiff has suffered from alcoholism since approximately 2005.  Despite his disability, Plaintiff never reported to work under the influence.

6.      Plaintiff received a DUI on or about March 3, 2019 in Guadalupe County.  He immediately disclosed this information to management, and he also disclosed that he is an alcoholic.  Management directed Plaintiff to the employee assistance program (EAP).

7.      The court ordered Plaintiff to substance abuse counseling, and also required that he use a mobile device to blow into three times per day to confirm that he had not consumed alcohol. One device was designated for his car, and the other mobile device could be carried with him.

8.      Plaintiff received his devices on May 23, 2019.  Around that same time, he informed his manager that the court ordered him to substance abuse counseling meetings that

2

would take place every Monday from 6-8pm for 3 months. Because he worked 7 days on and 7 days off, only 3 of these classes were going to interfere with his work schedule. However, Plaintiff found someone to cover these shifts so that there would not be an issue. All he had to do was swap shifts with someone else, which had been done in the past by other non-disabled employees. Plaintiff was proactive in getting these shifts covered so that it did not create a hardship for anyone.

9.      On or about May 28, 2019, Plaintiff received a text from his manager, who inquired about the devices Plaintiff received per court order.

10.     Plaintiff then received a call on May 29, 2019 from Jerry Frausto (Operations Manager), who told Plaintiff that he was being suspended "pending review." However, Mr. Frausto would not say why. Plaintiff asked if this was going to be a paid suspension, but Mr. Frausto stated that he did not know the answer to Plaintiff's question. On May 31, Plaintiff texted Kevin Pawelek (Plant Supervisor) to ask if the suspension would be a paid one and if he had any further information regarding the suspension. Like Mr. Frausto, he did not know the answer.

11.     On June 4, Plaintiff received a text from Jerry asking if Plaintiff could be available for a conference call with Raymond De LaVega (HR) and him later that morning. At approximately 9:30am, Plaintiff was fired over the phone by Jerry and Raymond. Plaintiff was told that the reason for his termination was for the 3 classes that conflicted with his work schedule.

## Disability Discrimination and Retaliation in Violation of the Americans with Disabilities Act(as amended by the ADA Amendments Act) and the Texas Commission on Human Rights Act (TCHRA)

12.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 11 supra. Defendant is an employer within the meaning of the ADA in that in each year relevant to this lawsuit, it has employed more than 15 employees in 20 or more calendar weeks. Likewise, Plaintiff was an employee of Defendant within the meaning of the ADA.

3

13.     Plaintiff suffers from alcoholism which renders him substantially limited in various major life activities.  Nevertheless, Plaintiff is a qualified individual and was fully capable of performing his job with Defendant.  While employed, Plaintiff informed Defendant's management that he suffers from alcoholism.

14.     Plaintiff sought reasonable accommodation in the form of time off (3 shifts) over the course of several weeks to attend alcohol counseling to treat his disability.  Plaintiff also requested that he be allowed to use his court-ordered mobile device, which would have in no way impeded his work for Defendant.

15.     Defendant denied Plaintiff's requests and instead summarily discharged from employment.  As such, Plaintiff avers that he was discharged because of his disability and/or in retaliation for having sought reasonable accommodation for his disability.

16.     Plaintiff further pleads that, by refusing these requests, Defendant failed to provide Plaintiff with a reasonable accommodation in violation of the ADA as amended.

17.     As a result of Defendant's illegal discrimination and retaliation, Plaintiff has suffered, and will likely continue to suffer in the future, lost wages and benefits.  Additionally, Defendant's illegal discrimination against Plaintiff has caused Plaintiff emotional distress, mental anguish, humiliation, embarrassment, damage to reputation, and loss of enjoyment of life.  Plaintiff also sues to recover damages for these injuries.

18.     Moreover, because Defendant acted with malice, or with reckless indifference towards Plaintiff's legally-protected rights, Plaintiff is entitled to an award of punitive damages.  Moreover, because Plaintiff has had to retain legal counsel to vindicate his rights under the ADA, Plaintiff is also entitled to an award of attorney fees and costs of court.

### Administrative Prerequisites

19.     Plaintiff dual-filed his charge of discrimination and retaliation with the Equal Employment Opportunity Commission and the Texas Workforce Commission—Civil Rights Division on July 8, 2019.  The EEOC issued a right to sue letter on May 5, 2020.  Plaintiff now timely files this action.

### Jury Demand

20.     Plaintiff demands a trial by jury.

### Conclusion and Prayer

21.     Plaintiff prays that upon final judgment he be awarded the following:

a.  Lost wages and benefits in the past and in the future;

b.  Compensatory damages for emotional distress, mental anguish, humiliation, embarrassment, damage to reputation; and loss of enjoyment of life;

c.  Exemplary damages;

d.  Attorney fees;

e.  Costs of court;

f.  Pre- and post-judgment interest; and

g.  All other relief to which Plaintiff is entitled.

Respectfully submitted,

Michael V. Galo, Jr.
State Bar No. 00790734
Federal Bar No. 19048
GALO LAW FIRM, P.C.
4230 Gardendale, Bldg 401
San Antonio, Texas 78229
Telephone: 210.616.9800
Facsimile:  210.616.9898
Email: mgalo@galolaw.com
ATTORNEY FOR PLAINTIFF
CLINT MUECK