**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**CLINT MUECK,**

    *Plaintiff*,

**v.**                          **Case No.  SA-20-CV-00801-JKP**

**LAGRANGE ACQUISITIONS, L.P.,**

    *Defendant*.

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Defendant LaGrange Acquisitions, L.P.'s ("LaGrange") Motion for Summary Judgment. *ECF Nos. 29,32*. Plaintiff Clint Mueck responded. *ECF No. 31*. Upon consideration, the Court concludes LaGrange's Motion for Summary Judgement shall be GRANTED.

### Undisputed Factual Background

LaGrange operates a natural gas plant near Karnes City, Texas. Mueck began working at this plant for LaGrange's predecessor on February 6, 2015, and for LaGrange on April 16, 2015. He was initially hired as a B-level plant operator and later advanced to be an A-level plant operator. Mueck's duties included performing rounds throughout the day to check pipeline equipment, pumps, compressor stations, readings, flows, and temperatures and keeping an hourly log of these system checks. Mueck worked a 7 days on/7 days off schedule, Wednesday through Tuesday, and rotating between a 12-hour day shift and 12-hour night shift. Mueck reported directly to the Plant Supervisor, Kevin Pawelek.

Mueck suffered from alcoholism since the mid 1990s, and he holds a significant criminal history for alcohol-related crimes. Mueck received pretrial diversion following his first and second citations for DUI in 1997 and 2017. Following his 2017 offense, Mueck informed his management of his arrest and continued working. Mueck received a Class C assault conviction in 2012 and two Public Intoxication citations in 2018. On March 3, 2019, Mueck was arrested a third time for DUI.

Mueck immediately disclosed to Jerry Frausto, the Operations Manager, his latest arrest. On March 6, 2019, Frausto discussed the situation with Raymond De LaVega, the Director of Human Resources, Ricky Bonewald, the Director of Operations, and Pawelek. Frausto informed the group Mueck was on probation for the 2017 offense and had reached out to the Employee Assistance Program (EAP). Mueck continued to work during the pendency of his 2017 and 2019 criminal charges.

On May 17, 2019, Mueck informed Pawelek his probation related to the 2017 offense had been revoked due to his most recent 2019 offense. As a result, Mueck received "extended probation" for the 2017 offense, the terms of which required he attend substance abuse counseling meetings and use a mobile device three times per day to confirm he had not consumed alcohol. One device was designated for his car, and the other mobile device could be carried with him.

Mueck received his devices on May 23, 2019. On that same date, Mueck informed Pawelek of the court requirement that he attend substance abuse counseling meetings and use the mobile device throughout the day. The court-ordered meetings would take place every Monday from 6:00-8:00 p.m. for 3 months. Consequently, three of these meetings would interfere with his work schedule and require that he miss his scheduled shift duty. In addition, Mueck would be required to use the mobile device while at work and on LaGrange property.

2

On May 28, 2019, Mueck received a text from Pawelek, who inquired about the mobile device Mueck would be required to carry and use throughout the day, as the camera device was concerning. Mueck received a call on May 29, 2019 from Frausto who told Mueck that he was suspended from work duty pending review. On May 31, Mueck texted Pawelek to ask if he would be paid during the suspension and if Pawelek had any further information regarding the suspension. Pawelek did not know the answers to Mueck's questions. On June 4, 2019, Mueck received a text requesting that he be available for a conference call with Frausto and De La Vega later that morning. At approximately 9:30 a.m. on June 4, 2019, De la Vega terminated Mueck's employment with LaGrange over this telephonic meeting. De la Vega advised Mueck the reason for his termination was the court-ordered meetings required that he miss work.

Mueck filed suit on July 10, 2020. In this suit, Mueck asserts three causes of action based upon alleged violations of the Americans with Disabilities Act (ADA)[1]: intentional discrimination based upon a disability, failure to provide a reasonable accommodation for a disability, and retaliation for seeking a reasonable accommodation. In his Complaint, Mueck alleges he suffers from the disability of alcoholism which renders him substantially limited in "various major life activities." Nevertheless, Mueck alleges he is a qualified individual and was fully capable of performing his job. Mueck alleges LaGrange intentionally terminated his employment based upon his disability of alcoholism. While employed, Mueck alleges he informed LaGrange's management that he suffers from alcoholism and alleges he sought reasonable accommodation of absence from three shifts to attend court-ordered alcohol counseling meetings

---

[1] The Court's reference to the ADA throughout this opinion includes and incorporates the ADA Amendments Act of 2008 ("ADAAA") and all interpretations thereof.

and authorization to use his court-ordered mobile device while performing his job duties. Mueck further alleges that by refusing these requests, LaGrange failed to provide him with reasonable accommodation for his disability in violation of the ADA. In addition to terminating his employment due to his disability, Mueck alleges LaGrange terminated his employment in retaliation for him seeking reasonable accommodation for his disability.

LaGrange filed this Motion for Summary Judgment on all three asserted causes of action.

## Legal Standards

### 1. Summary Judgment Shifting Burden of Proof

Summary judgment is appropriate if the record shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Rodriguez v. Pacificare, Inc.*, 980 F.2d 1014, 1019 (5th Cir. 1993).[2] The moving party bears the initial burden of informing the court of the basis for the motion and of identifying those portions of the record which demonstrate the absence of a genuine dispute of material fact or the appropriateness of judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 323; *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 163 (5th Cir. 2006). If the movant carries its initial burden, the burden shifts to the nonmovant to present competent summary judgment evidence showing the existence of a genuine dispute of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586-87 (1986); *see also* Fed. R. Civ. P. 56(c).

In its analysis of the merits of a motion for summary judgment, a court has no duty to search the record for material fact issues or to find a party's ill-cited evidence. *Hernandez v. Yellow*

---

[2]Although 2010 amendments replaced "issue" with "dispute," the summary judgment standard "remains unchanged." Fed. R. Civ. P. 56 advisory committee notes (2010 amend.).

*Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012); *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)(citing *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir. 1994)). In addition, a court may not make credibility determinations or weigh the evidence and must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150 (2000); *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to support or defeat a motion for summary judgment. *Brown v. City of Houston, Tex.*, 337 F.3d 539, 541 (5th Cir. 2003); *Ragas*, 136 F.3d at 458.

## 2.  Summary Judgement Burdens Within the Context of an Employment Discrimination Suit: *The McDonnell Douglas Framework*

The ADA makes it unlawful for an employer to "discriminate against a qualified individual on the basis of disability." *Caldwell v. KHOU-TV*, 850 F.3d 237, 241 (5th Cir. 2017)(quoting 42 U.S.C. § 12112(a)). Intentional discrimination in violation of the ADA can be established through either direct or circumstantial evidence. *Wallace v. Methodist Hosp. Sys.,* 271 F.3d 212, 219 (5th Cir. 2001). As in this case, in an unlawful-employment-discrimination suit, when the Court is presented with a Motion for Summary Judgment which presents only circumstantial evidence of unlawful discrimination or retaliation, the burden-shifting framework set forth in *McDonnell Douglas Corp v. Green*, 411 U.S. 792, 802 (1973) guides the parties' burdens of proof. *Alvarado v. Tex. Rangers*, 492 F.3d 605, 611 (5th Cir. 2007).

Within the context of a Motion for Summary Judgment under the *McDonnell Douglas* framework, the burden of production falls first upon the plaintiff to present evidence sufficient to establish a fact or raise a presumption of the alleged discrimination. *Alvarado*, 492 F.3d at 611;

*McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007). This burden is typically referred to as the presentation of *prima facie* evidence. *Alvarado*, 492 F.3d at 611. If the plaintiff presents this *prima facie* evidence, the plaintiff creates a presumption of intentional discrimination. *Id*. The burden of production, then, shifts to the employer to articulate a legitimate, nondiscriminatory reason for its actions. *Alvarado*, 492 F.3d at 611; *see also Tex. Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248, 254–56 (1981). Because only the burden of production shifts at this stage, the employer need only articulate a legitimate nondiscriminatory reason, which may not be evaluated or analyzed for its credibility. *Reeves,* 530 U.S. at 142; *Alvarado*, 492 F.3d at 611.

If the employer sustains its burden of production, the presumption of intentional discrimination dissipates. *Reeves,* 530 U.S. at 142; *Alvarado*, 492 F.3d at 611; *McCoy*, 492 F.3d at 556. At this final stage, "[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Burdine,* 450 U.S., at 253. Within the context of a Motion for Summary Judgment, to satisfy this burden of persuasion, the plaintiff must present evidence which raises a genuine dispute of material fact whether: (1) the employer's proffered reason is not true but is instead a pretext for discrimination; or (2) the employer's reason, while true, is not the only reason for its conduct, and another "motivating factor" is the plaintiff's protected characteristic. *Burrell v. Dr. Pepper/Seven Up Bottling Group, Inc.,* 482 F.3d 408, 411-12 (5th Cir. 2007); *Williams v. Time Warner*, 98 F.3d 179, 181 (5th Cir. 1996). Although the *prima facie* case and the inferences drawn therefrom may still be considered at the pretext stage, this evidence must be combined with sufficient evidence to permit the trier of fact to conclude the employer intentionally discriminated against the plaintiff. *Reeves,* 530 U.S. at 142. To this effect, even if the ultimate factfinder could find the employer's reason unpersuasive or contrived, there must still be sufficient evidence for the factfinder to believe the

employee's explanation for the adverse action, that is, the employer intentionally discriminat-ed. *Id.* at 146-148. Unsubstantiated assertions and conclusory allegations of discrimination are not competent summary judgment evidence, and therefore, are insufficient to support a party's burden at any stage. Fed. R. Civ. P. 56(c),(e); *Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002); *Ragas*, 136 F.3d at 458.

**Discussion**

**1.  Cause of Action 1: Intentional Discrimination Based Upon a Disability**

LaGrange contends it is entitled to summary judgment on Mueck's cause of action of inten-tional discrimination based upon a disability because Mueck cannot satisfy his initial, *prima fa-cie* burden as a matter of law. First, LaGrange contends Mueck's alcoholism under these facts is not a disability as a matter of law. Second, LaGrange contends Mueck admits his alcoholism did not interfere with his employment duties, and therefore, by his own admissions, Mueck cannot prove this cause of action as a matter of law. Finally, LaGrange contends it did not terminate Mueck's employment due to his alleged disability of alcoholism, but because he was required to miss work to attend court-ordered classes.

In response, Mueck contends he presents sufficient evidence to establish his alcoholism qual-ifies as a disability and raises a genuine issue of material fact whether LaGrange's reason for his termination was pretextual.

**a.  Elements of Mueck's *Prima Facie* Presumption of Disability Discrimination**

To create a *prima facie* presumption of discrimination under the ADA, Mueck must produce evidence which could show: (1) he has a disability; (2) he is otherwise qualified for his position; (3) he suffered an adverse employment action because of that disability; and (4) he was replaced by a or treated less favorably than a non-disabled employee. *E.E.O.C. v. Chevron Phillips Chem.*

*Co., LP*, 570 F.3d 606, 615-16 (5th Cir. 2009). This Motion for Summary Judgment focuses on Mueck's ability to satisfy the first and third elements of his *prima facie* burden: whether he has a disability and whether he suffered an adverse employment action because of this disability.

The ADA defines "disability" as: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment."[3] 42 U.S.C. § 12102(1); 42 U.S.C. § 12102(2)(A). Merely having a physical or mental impairment, however, does not make one disabled under the ADA. Plaintiffs must demonstrate the subject impairment substantially limits a major life activity. 42 U.S.C. § 12102(2)(A); *Dutcher v. Ingalls Shipbuilding*, 53 F.3d 723, 726 (5th Cir. 1995). The ADA provides a non-exhaustive list of major life activities, which includes "caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 42 U.S.C. § 12102(2); *see also* 29 C.F.R. § 1630.2(i).

To be substantial, the limitation on the major life activity must render the plaintiff unable to perform a major life activity that the average person in the general population can perform. *E.E.O.C. v. Chevron,* 570 F.3d at 614; 29 C.F.R. § 1630.2(j). "An impairment need not prevent, or significantly or severely restrict, the individual from performing a major life activity in order to be considered substantially limiting. Nonetheless, not every impairment will constitute a disability within the meaning of this section." 29 C.F.R. § 1630.2(j)(1)(ii). In determining whether an individual is substantially limited in a major life activity, courts should consider: "(I) the nature and severity of the impairment, (ii) the duration or expected duration of the im-

---

[3]  In this case, Mueck asserts a cause of action based upon Subsection (A), only: an impairment that substantially limits one or more of the major life activities of such individual. Mueck does not allege facts to support, nor does he assert theories of discrimination based upon a record of such a disability or being regarded as having a disability. Consequently, these two theories are not regarded as possible theories of recovery and are not argued or discussed in this Motion for Summary Judgment.

pairment; and (iii) the permanent or long term impact, or the expected permanent or long term impact of or resulting from the impairment." *E.E.O.C. v. Chevron*, 570 F.3d at 613–15; *Dutcher*, 53 F.3d at 726. "An impairment that is episodic or in remission is a disability if it would substantially limit a major life activity when active." 42 U.S.C. § 12102(4)(D). "The determination of whether an impairment substantially limits a major life activity shall be made without regard to the ameliorative effects of mitigating measures such as—. . . reasonable accommodations." 42 U.S.C. § 12102(4)(E)(i)(III).

The ADA Amendments Act of 2008 requires courts to construe the definitions of "disability" and "substantially limits" broadly and in favor of expansive coverage. 29 C.F.R. § 1630.2(j)(1)(i); *see* 42 U.S.C. § 12102(4)(B). "'Substantially limits' is not meant to be a demanding standard." 29 C.F.R. § 1630.2(j)(1)(i). However, this determination does require an individualized assessment to determine whether the plaintiff is disabled by the specified impairment. 29 C.F.R. § 1630.2(j)(1)(i) & (iv).

> **b. Elements of Mueck's *Prima Facie* Presumption of Disability Discrimination Particular to Alcoholism**

Although some courts suggest alcoholism is a *per se* disability, the Fifth Circuit declines to define it as such. *Burch v. Coca–Cola Co.,* 119 F.3d 305, 317 (5th Cir. 1997); *see also Zenor v. El Paso Healthcare Sys., Ltd.*, 176 F.3d 847, 859-60 (5th Cir. 1999). Consequently, to prove alcoholism to be a disability under the ADA in the Fifth Circuit, a plaintiff must establish the alleged impairment created by their alcoholism substantially limits one or more major life activities. *Burch,* 119 F.3d at 317; *Waldrip v. Gen. Elec. Co.*, 325 F.3d 652, 656 (5th Cir. 2003). No matter how serious any impairment caused by the alcoholism, the plaintiff must "adduce evidence of an impairment that has actually and substantially limited the major life activity on

which he relies." *Waldrip*, 325 F.3d at 656; *see Burch,* 119 F.3d at 317; *Kitchen v. BASF*, 343 F. Supp. 3d 681, 689 (S.D. Tex. 2018). Thus, "[t]he ADA requires an individualized inquiry to determine whether a particular plaintiff is disabled" due to alcoholism. *Burch*, 119 F.3d at 315. This individualized inquiry "centers on substantial limitation of major life activities, not mere impairment." *Waldrip*, 325 F.3d at 656 (quoting *Ivy v. Jones*, 192 F.3d 514, 516 (5th Cir. 1999)); *see also Moore v. Centralized Mgmt. Services, LLC*, CV 19-1592, 2020 WL 972711, at *4 (E.D. La. Feb. 28, 2020), reconsideration denied, CV 19-1592, 2020 WL 2037191 (E.D. La. Apr. 28, 2020), *aff'd sub nom. Moore v. Centralized Mgmt. Services, L.L.C.,* 843 Fed. Appx. 575 (5th Cir. 2021).

With all alleged disabilities, including alcoholism, permanency, not frequency, is the touchstone of determination of the issue whether the plaintiff displays a substantially-limiting impairment. *Burch*, 119 F.3d at 316. Specific to alcoholism, the ADA expressly provides an employer can hold alcoholic employees to the same performance and behavioral standards as other non-alcoholic employees, even if the behavior in question is related to alcoholism. 42 U.S.C. § 12114(c)(4); *Kitchen*, 952 F.Supp. 3d at 252. Further, a person's alcoholism does not qualify as a disability even if the person is unable to perform activities of daily living while inebriated or hungover. *Burch*, 119 F.3d at 316.

### c.   Designation of "Major Life Activities" to Support Discrimination Cause of Action

In his Complaint, Mueck does not specifically designate the major life activity upon which he relies, stating only his alcoholism substantially limits "various major life activities", except working. This vague and non-specific designation of "various life activities" is insufficient to establish a disability to support a cause of action of discrimination under the ADA. *Mora v.*

*Univ. of Tex. Sw. Med. Ctr.*, 469 Fed. Appx. 295, 297 (5th Cir. 2012). Failure to specify which of his life activities is substantially limited by his alcoholism is fatal to stating a valid claim for relief, and thus, fatal to Mueck's ability to establish a *prima facie* claim for intentional discrimination based upon this alleged disability. *Id*. For this reason, alone, summary judgment in favor of LaGrange on this cause of action is appropriate.

### d. Whether Impairment Created by Alcoholism Substantially Limits Generalized Ability to Function or Care for Oneself

Further, assuming this ambiguous reference to "various major life activities" is sufficient, to create a *prima facie* presumption of disability discrimination, Mueck must present sufficient evidence to show his alcoholism created an impairment that is substantially limiting.

In his Response to the Motion for Summary Judgment, Mueck provides a Declaration attesting that at the time of his termination, drinking was his primary purpose in life. *ECF No. 31, Ex 1, pars. 2-5*. When not at work, Mueck's craving for alcohol caused him to drink to such an extent that he would pass out or get so sick that he could drink no more. *Id*. Mueck attests he would repeat the process every day when not working, as he declares he did not drink while on the job. *Id. at paras. 3, 4 & 5*. In his declaration, Mueck describes the difficulties created in his life by his addiction, which include the alcohol-related offenses he was charged with between 2017 and 2019. Mueck describes "the terrible effects drinking had on the major life activities of thinking clearly, reasoning, exercising appropriate judgment and restraint, and concentrating." *Id. at pars. 3-6*. Finally, Mueck declares that, as an addiction, his alcoholism substantially limited his "brain function." *Id*.

Review of the Complaint and Mueck's declaration in the light most favorable to Mueck reveals he fails to allege or show his alcoholism, or impairments created by it, substantially limits

any major life activity to constitute a disability under the ADA. Naturally, this case involves Mueck's major life activity of "work." However, by his own admission, any impairment created by Mueck's alcoholism did not substantially limit his ability to perform his job duties, and he attests that he did not drink while at work.

To the extent Mueck attests he could not perform any major life activity or daily personal care while inebriated or hungover and attests to inhibition of "brain functioning" during periods of inebriation, these impairments created by his alcoholism are not substantially limiting to constitute a disability. *See Burch*, 119 F.3d at 316. The alleged bouts of inebriation and consequential inability to think clearly, exercise good judgment, or care for himself are short-term and not permanent. *Id.*; *see Moore*, 2020 WL 972711, at *4. While the effects of alcohol-induced inebriation may be an impairment, "the temporary impairments caused by the periodic and frequent overindulgence of alcohol are insufficient to establish a substantially limiting impairment" under the ADA. *See Burch*, 119 F.3d at 316 & n. 9. Therefore, Mueck's alcoholism does not constitute a disability as anticipated by the ADA. *Id.*

While the Fifth Circuit decided *Burch v. Coca–Cola Co.* before the 2008 Amendment to the ADA, the Amendment's directive requiring a broader and less stringent analysis of "substantially limited" does not absolve Mueck from alleging facts that would satisfy the basic threshold requirement of qualifying as disabled under the ADA. *Moore*, 2020 WL 2037191, at *3. The Court's finding in *Burch v Coca Cola* that the plaintiff's alcoholism was not a disability due to the temporary nature of the impairments created remains unaffected. *Id.* Consequently, the Court's guidance regarding the temporary nature of the impairments created by alcoholism is still binding authority which this Court will follow in the individualized assessment of Mueck's

allegations and evidence of impairments created by his alcoholism. *See Burch*, 119 F.3d at 316; *Moore*, 2020 WL 2037191, at *3; *Moore*, 2020 WL 972711, at *4.

**e.  Conclusion**

Mueck fails to establish or delineate any specific major life activity impaired by his alcoholism, and therefore, summary judgment in favor of LaGrange shall be granted on this basis. Further, Mueck fails to establish any permanent and debilitating impairment caused by his alcoholism which substantially limits a major life activity. For these reasons, the Court concludes Mueck fails to provide sufficient evidence to establish a *prima facie* presumption of disability discrimination. Consequently, LaGrange is entitled to summary judgment on Mueck's cause of action for discrimination based upon a disability in violation of the ADA, and the burden does not shift to LaGrange to articulate a legitimate, nondiscriminatory reason for terminating Mueck's employment.

**2.  Cause of Action 2: Failure to Provide Reasonable Accommodation**

**a.  Elements of Mueck's *Prima Facie* Presumption of Failure to Accommodate**

Discrimination in violation of the ADA includes failure to make reasonable accommodation to the known physical or mental limitations of an otherwise qualified individual with a disability, unless the accommodation would impose an undue hardship. 42 U.S.C. § 12112(b)(5)(A)); *Feist v. Louisiana*, 730 F.3d 450, 452 (5th Cir. 2013). To create a *prima facie* presumption of failure to accommodate under the ADA, Mueck must produce evidence which could show: "(1) the plaintiff is a qualified individual with a disability; (2) the disability and its consequential limitations were known by the covered employer; and (3) the employer failed to make reasonable accommodations for such known limitations." *Feist,* 730 F.3d at 452. The ADA requires employers to

13

accommodate the limitations arising from a disability, and not the disability itself. *Seaman v. CSPH, Inc.*, 179 F.3d 297, 300 (5th Cir. 1999).

### b.  Failure to Prove Presence of a Disability

The threshold element of any ADA claim is the plaintiff must have a disability within the meaning of the ADA. *Waldrip,* 325 F.3d at 654. Consequently, failure to establish an actual or perceived disability is fatal to a cause of action for failure to provide reasonable accommodation. *McInnis v. Alamo Cmty. Coll. Dist.*, 207 F.3d 276, 280 (5th Cir. 2000); *Cato v. First Fed. Cmty. Bank*, 668 F. Supp. 2d 933, 940 (E.D. Tex. 2009).

This Court determined Mueck does not present the threshold burden to show he has a disability as defined by the ADA. Because Mueck cannot show he is disabled, as a matter of law, he also cannot satisfy his burden to establish LaGrange failed to provide a reasonable accommodation for impairments created by his alleged disability, as a matter of law. For this reason, alone, summary judgment is appropriate. *See McInnis,* 207 F.3d at 279–80; *Cato,* 668 F. Supp.2d at 940, 946.

### c.  Request for Reasonable Accommodation

Even assuming the threshold element that Mueck's alcoholism qualifies as a disability under the ADA, he still cannot satisfy his burden to present evidence to create a *prima facie* presumption LaGrange failed to provide a reasonable accommodation.

To establish the second and third elements of this cause of action, a plaintiff must show he requested the accommodation based upon an identified disability but was refused. *Clark v. Champion Nat'l Sec., Inc.*, 952 F.3d 570, 587 (5th Cir. 2020). "[W]here the disability, resulting limitations, and necessary reasonable accommodations are not open, obvious, and apparent to the employer, the initial burden rests primarily upon the employee . . . to specifically identify the

14

disability and resulting limitations, and to suggest the reasonable accommodations." *E.E.O.C. v. Chevron,* 570 F.3d at 621. A request for accommodation must "explain that the adjustment in working conditions or duties she is seeking is for a medical condition-related reason, but the employee does not have to mention the ADA or use the phrase 'reasonable accommodation.'" *Id.; Cato*, 668 F. Supp.2d at 946. The ADA defines "reasonable accommodation" to include allowing part-time or modified work schedules. 42 U.S.C. § 12111(9).

Once an employee makes a request for a reasonable accommodation, the employer must engage in a meaningful dialogue with the employee to find the best means of accommodating the limitations arising from the disability. *Griffin v. United Parcel Serv., Inc.*, 661 F.3d 216, 224 (5th Cir. 2011). An employer cannot be found to have violated the ADA when responsibility for any breakdown in a meaningful dialogue is traceable to or caused by the employee, and not the employer. *Id.*

The summary judgment evidence presented shows Mueck did not specifically request accommodation for a disability, that is, Mueck failed to inform management of his disability of alcoholism and did not specify his request to miss work as an accommodation for his disability of alcoholism. *See ECF No. 29, Exh. F, Vega Decl. par. 6; Exh. C, Vega Depo. 36:6-37:20.* While Mueck did inform his management that he was an alcoholic and did inform his management that the court ordered him to attend substance abuse classes as part of his criminal probation, Mueck did not specifically identify his alcoholism as a disability and did not specifically identify the need to miss work as a reasonable accommodation to this disability. *Id.* For this reason, summary judgment in favor of LaGrange is appropriate on the cause of action of failure to provide reasonable accommodation in violation of the ADA. *See Chevron,* 570 F.3d at 621.

### d.  Accommodation for an Impairment Arising From a Disability

Next, the ADA requires employers to accommodate the limitations arising from a disability, and not the disability itself. 42 U.S.C. § 12112(b)(5)(A)); *Feist*, 730 F.3d at 452; *Seaman*, 179 F.3d at 300. The undisputed facts and summary judgment evidence reveal Mueck did not seek a reasonable accommodation for physical or mental limitations created by his alcoholism. Rather, Mueck requested leave to miss work to attend court-ordered classes resulting from a violation of his probation. While the probation violation stemmed from a DUI, which was precipitated by Mueck's alcoholism, the request to miss work to comply with court-ordered probation conditions is too attenuated from Mueck's alcoholism to conclude Mueck requested accommodation for a physical or mental limitation created by the disability of alcoholism.

Along the same line, the ADA specifically provides an employer may hold an employee who suffers from alcoholism to the same qualification standards for employment or job performance and behavior that it requires of other, non-alcoholic employees, even if any unsatisfactory behavior or performance is related to the alcoholism. 42 U.S.C. § 12114(c). Therefore, as a matter of law, LaGrange may hold Mueck to the same work attendance requirements as other non-alcoholic employees, even if the inability to come to work is related to his alcoholism. Viewing this undisputed fact in the light most favorable to Mueck, his request to miss work amounts to a request for reasonable accommodation for a court-ordered probation condition, not a reasonable accommodation for a limitation arising from, or created by, his alcoholism. Because LaGrange may require Mueck attend work, as it does with other employees, Mueck cannot rely upon this requirement as basis for his cause of action for failure to provide reasonable accommodation. *See* 42 U.S.C. § 12114(c).

### e.  Conclusion

For these reasons, Mueck cannot establish the elements of a cause of action for violation of the ADA based upon a failure to provide a reasonable accommodation for a disability. Consequently, Mueck fails to present evidence to create a *prima facie* presumption that LaGrange failed to provide a reasonable accommodation in violation of the ADA. Therefore, summary judgment on this cause of action is appropriate.

### 3.  Cause of Action 3: Retaliation

### a.  Elements of *Prima Facie* Presumption of Retaliation

The ADA retaliation provision protects any individual from an adverse employment action based upon their opposition of any act or practice made unlawful by the ADA or their charge of discrimination under the ADA. 42 U.S.C. § 12203(a)); *Tabatchnik v. Cont'l Airlines*, 262 Fed. Appx. 674, 676 n. 1 (5th Cir. 2008). To create a *prima facie* presumption of retaliation under the ADA, Mueck must produce evidence which could show: (1) he participated in an activity protected by the ADA; (2) LaGrange took an adverse employment action against him; and (3) a causal connection exists between the protected activity and the adverse action. *Lyons v. Katy Indep. Sch. Dist.*, 964 F.3d 298, 304 (5th Cir. 2020); *Seaman,* 179 F.3d at 301.

To begin, a plaintiff need not show he suffers from an actual disability to prosecute an ADA retaliation claim, but need only demonstrate he has a reasonable, good faith belief his employer violated the ADA by retaliating based upon protected activity. 42 U.S.C. § 12112(b)(5)(A); *Tabatchnik,* 262 Fed.Appx. at 676 & n. 1; *Garner v. Chevron Phillips Chem. Co., L.P.,* 834 F. Supp. 2d 528, 541 (S.D. Tex. 2011). The Court will presume Mueck held a good faith belief his alcoholism constituted a disability under the ADA and LaGrange retaliated against him due to

request for a reasonable accommodation. Therefore, Mueck's inability to prove he has a disability does not preclude him from attempting to establish an ADA-retaliation claim. *See Tabatchnik*, 262 Fed. Appx. at 676 n. 1.

    **b.  Whether Mueck Presents Sufficient Evidence to Create a *Prima Facie* Presumption of Retaliation**

With respect to the first element, Mueck asserts his request for time off from work for three shifts to attend court-ordered classes was a request for an accommodation for a disability under the ADA. Mueck contends this request for accommodation constituted engagement in an activity protected by the ADA.

Request for a reasonable accommodation for a limitation created by a disability may constitute participation in an activity protected by the ADA. *Tabatchnik,* 262 Fed.Appx. at 676 & n. 1; *Garner v. Chevron Phillips Chem. Co., L.P.*, 834 F. Supp. 2d at 541. However, for the reasons stated previously, this Court concludes, as a matter of law, Mueck did not request a reasonable accommodation for a limitation created by a disability under the ADA. Instead, the undisputed facts and summary judgment evidence establish Mueck requested he be allowed to miss work so he could attend court-ordered classes, LaGrange terminated Mueck because he would be required to miss work, and LaGrange can hold Mueck to the same attendance standards it applies to other non-alcoholic employees. Therefore, Mueck's request, under these facts, is not an activity protected by the ADA.

Following this conclusion that Mueck did not request a reasonable accommodation for a limitation created by a disability, Mueck cannot show he engaged in an activity protected by the ADA to support his retaliation cause of action. For this reason, alone, summary judgment in favor of LaGrange on the retaliation cause of action is appropriate.

**Conclusion**

For the reasons stated, the Court GRANTS LaGrange's Motion for Summary Judgment on the asserted causes of action of violations of the ADA based upon intentional discrimination, failure to provide reasonable accommodation, and retaliation. The Clerk of Court is directed to close the case. A separate Final Judgment will follow.

It is so ORDERED.
SIGNED this 3rd day of January, 2022.

JASON  PULLIAM
UNITED STATES DISTRICT JUDGE